[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 12, 2010
JOHN LEY
CLERK

No. 09-16288
Non-Argument Calendar

_____

D. C. Docket No. 09-00050-CV-WLS-1

LAVARN WATSON,

Plaintiff-Appellant,

versus

WILLIE E. LOCKETTE,
EVONNE S. MULL,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(May 12, 2010)

Before BLACK, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Lavarn Watson filed a pro se complaint under 42 U.S.C. § 1983 asserting that Judge Willie E. Lockette and Clerk Evonne S. Mull of the Superior Court of Dougherty County, Georgia violated his constitutional rights. The district court sua sponte dismissed Watson's § 1983 complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Watson filed this pro se appeal. After review, we affirm.

## I. BACKGROUND

### A. State Court Personal Injury Action

According to Watson's § 1983 complaint, Watson filed a personal injury action in the Dougherty County Superior Court after he was injured in a car accident. Watson also filed an affidavit of indigence and was relieved of state court costs.

On March 28, 2008, Superior Court Judge Lockette ordered Watson's personal injury case transferred to the city of Sylvester, Georgia. The transfer order imposed upon Watson a $50 transfer fee. The superior court clerk sent Watson a copy of the order and a letter explaining that the case would be transferred after Watson paid the transfer fee.

On April 18, 2008, Watson took his notice of appeal and other appeal papers to the superior court clerk's office for filing. The clerk's office receptionist and another office worker looked over Watson's appeal papers, and the receptionist

told Watson she could not accept them because they were not proper. She also told Watson he could not file an appeal in forma pauperis and had to pay the filing fee. The receptionist advised Watson to go to a law library to learn how to file an appeal.

Watson left with his papers and, several days later, mailed his notice of appeal, affidavit of poverty and certificate of service to the superior court. On April 27, 2008, Watson's deadline for appealing the transfer order expired. Two days later, on April 29, 2008, the clerk's office returned Watson's appeal papers by mail with a letter explaining that Watson needed a certificate of service before his appeal could be filed. The clerk's office also included a guide for filing an appeal.

## B.    Federal Court § 1983 Action

Watson filed his § 1983 complaint in federal court on March 23, 2009. Watson's complaint alleged that Judge Lockette and Clerk Mull "and their agents" violated Watson's constitutional rights. Specifically, Watson's complaint alleged that the clerk's office violated his First Amendment right when "they refused the plaintiff's court papers" on April 18, 2008 and his Eighth and Fourteenth Amendment rights when "they withheld the citizen's guide to filing appeals" until the appeal period had expired. As to Judge Lockette, Watson's complaint alleged that "the court violated the Eighth and Fourteenth Amendments when it ordered the

3

plaintiff to pay fifty dollars for transfer fees under Forma Pauperis." The complaint prayed for declaratory and equitable relief and "such other and further relief that the court deems to be appropriate and just."

The district court granted Watson's motion to proceed in forma pauperis. After conducting a preliminary screening, the district court dismissed Watson's complaint without prejudice for failure to state a claim, pursuant to § 1915(e)(2)(B)(ii). Because Watson's pro se complaint did not specify the declaratory or equitable relief he sought, the district court presumed Watson wanted the court to declare that the actions of Judge Lockette and Clerk Mull were improper and allow Watson to either transfer his state court case at no cost or continue his appeal in the Dougherty County Superior Court. The district court concluded that it lacked jurisdiction over Watson's complaint under the Rooker-Feldman doctrine.[1] Watson appealed.

## II. DISCUSSION

### A. Sua Sponte Dismissals

The district court must dismiss an in forma pauperis complaint at any time if it determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A dismissal under § 1915(e)(2)(B)(ii) is governed

---

[1]See Rooker v. Fid. Trust Co., 263 U.S. 413, 44 S. Ct. 149 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303 (1983).

by the same standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). Dismissal for failure to state a claim is appropriate when the facts as pled do not state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. ___, 129 S.Ct. 1937, 1949 (2009) (Rule 12(b)(6) dismissal); Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008) (Section 1915(e)(2)(B)(ii) dismissal). In addition, a district court may sua sponte consider subject matter jurisdiction at any stage in the litigation and must dismiss the complaint if it concludes that subject matter jurisdiction is lacking. See Fed. R. Civ. P. 12(h)(3); Arbaugh v. Y&H Corp., 546 U.S. 500, 506, 514, 126 S. Ct. 1235, 1240, 1244 (2006).

"Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). After liberally construing Watson's complaint, we find no reversible error in the district court's sua sponte dismissal without prejudice.[2]

B. **Rooker-Feldman Doctrine**

---

[2]We review de novo a district court's sua sponte dismissal for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and take the well-pleaded factual allegations in the complaint as true. Mitchell v. Farcass, 112 F.3d 1483, 1489-90 (11th Cir. 1997). Likewise, we review de novo a district court's dismissal for lack of subject matter jurisdiction based on the Rooker-Feldman doctrine. Nicholson v. Shafe, 558 F.3d 1266, 1270 (11th Cir. 2009).

5

The district court dismissed Watson's § 1983 complaint as barred by the Rooker-Feldman doctrine. Under the Rooker-Feldman doctrine, lower federal courts "do not have jurisdiction to act as appellate courts and [are] preclude[d] . . . from reviewing final state court decisions." Green v. Jefferson County Comm'n, 563 F.3d 1243, 1249 (11th Cir.), cert. denied, 130 S. Ct. 199 (2009). The Rooker-Feldman doctrine is confined to cases that are "[1] brought by state-court losers [2] complaining of injuries caused by state-court judgments [3] rendered before the district court proceedings commenced and [4] inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S. Ct. 1517, 1521-22 (2005); see also Nicholson, 558 F.3d at 1272-74, 1278-79 (explaining that, after Exxon Mobile, the Rooker-Feldman doctrine is limited and applied narrowly).

The Rooker-Feldman doctrine applies only when the state court proceedings ended before the federal action was filed. Nicholson, 558 F.3d at 1275, 1277 n.11. Further, this Court has concluded that "state proceedings have not ended for purposes of Rooker-Feldman when an appeal from the state court judgment remains pending at the time the plaintiff commences the federal court action . . . ." Id. at 1279; see also Green, 563 F.3d at 1250 (concluding that the Rooker-Feldman doctrine did not apply because an appeal of the state court summary judgment

6

order was pending when the federal action was filed).

1.    Watson's Complaint

Here, it is unclear from the face of Watson's complaint whether Watson is a state-court loser whose state court proceedings had ended before he filed his federal action on March 23, 2009. However, admissions in Watson's appeal brief show the state court proceedings had ended on March 23, 2009 before Watson filed his federal § 1983 case on that date. See Young & Vann Supply Co. v. Gulf, F. & A. Ry. Co., 5 F.2d 421, 423 (5th Cir. 1925) ("We may consider the statements in the brief as admissions of facts."); see also Cooper v. Meridian Yachts, Ltd., 575 F.3d 1151, 1177-78 (11th Cir. 2009) (discussing general rule that a party is bound by admissions in his pleadings).[3] Thus, Watson is a state-court loser and his state court proceedings ended before his federal proceedings commenced.

Nonetheless, for the Rooker-Feldman doctrine to apply, Watson's federal claims against Judge Lockette and Clerk Mull must also "complain[ ] of injuries caused by state-court judgments" and "invit[e] district court review and rejection of those judgments." See Exxon Mobil, 544 U.S. at 284, 125 S. Ct. at 1521-22. As to Judge Lockette, we readily conclude that the Rooker-Feldman doctrine bars

[3]Decisions of the former Fifth Circuit handed down on or before September 30, 1981 are binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

7

Watson's claims. Watson alleges that Judge Lockette's transfer order erred in imposing the $50 transfer fee because Watson had been afforded pauper status. Therefore, Watson's § 1983 claims against Judge Lockette allege an injury caused by Judge Lockette's transfer order and invite the district court to review and reject that state court ruling. As such, the district court correctly concluded that the Rooker-Feldman doctrine precluded it from doing so.

Watson's access-to-the-court claim against Clerk Mull, however, does not complain of an injury "caused by" the state court judgment itself.[4] Rather, Watson complains that, as a result of the actions of the clerk's office employees, he lost the opportunity to appeal the transfer order. Watson complains of an injury caused by the independent actions of clerk's office employees in refusing to accept Watson's appeal papers and then in withholding the citizen's guide to filing appeals until the appeal period had expired. Thus, Watson's access-to-the-court claim against Clerk Mull is not barred by the Rooker-Feldman doctrine.[5]

---

[4]Watson's complaint cited the First, Eighth and Fourteenth Amendments in support of the claim against Clerk Mull. The right of access to the courts is grounded in, inter alia, the First Amendment's Petition Clause and the Fourteenth Amendment's Due Process and Equal Protection Clauses. See Christopher v. Harbury, 536 U.S. 403, 415 n.12, 122 S. Ct. 2179, 2186 n. 12 (2002). The Eighth Amendment, which prohibits excessive bail or fines and the infliction of cruel and unusual punishment, does not appear to be applicable to the facts Watson alleged. See U.S. Const. amend. VIII. Perhaps in recognition of this fact, on appeal, Watson cites only the First and Fourteenth Amendments in support of his court access claim.

[5]The fact that the Georgia Court of Appeals, in dismissing Watson's appeal, may have addressed the propriety of the clerk's office employees's actions does not implicate the Rooker Feldman doctrine, but it may implicate some preclusion doctrine. See Exxon Mobil, 544 U.S. at

**B.     Failure to State a Claim Against Clerk Mull**

We nonetheless conclude that the district court properly dismissed Watson's claim against Clerk Mull.  See Thomas v. Cooper Lighting, Inc., 506 F.3d 1361, 1364 (11th Cir. 2007) (explaining that this Court may affirm the district court on any ground supported in the record even if that ground was not relied upon or considered by the district court).  Although Watson's complaint names Clerk Mull as a defendant, it alleges conduct taken by the receptionist and another office worker in the clerk's office, not by Clerk Mull.  "It is well established in this circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (quotation marks omitted).

Absent personal participation, a § 1983 plaintiff must allege "a causal connection between actions of the supervising official and the alleged constitutional deprivation," such as a history of widespread abuse that put the supervisor on notice of constitutional violations or a custom or policy of the

---

293, 125 S. Ct. at 1529 ("If a federal plaintiff presents some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party . . ., then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." (quotation marks and brackets omitted)).  However, such a determination cannot be made on the present record, which is silent as to the basis for the Georgia Court of Appeals's dismissal.

supervisor that results in the constitutional violation.  Id.  Watson's complaint did not allege that Clerk Mull either personally participated in the alleged denial of Watson's access to the courts or was aware of a widespread pattern of engaging in such conduct.  The complaint also did not allege that the clerk's office employees were acting pursuant to Clerk Mull's policy or custom.  Accordingly, the district court properly dismissed without prejudice Watson's access-to-the-court claim against Clerk Mull for failure to state a claim, pursuant to § 1915(e)(2)(B)(ii).[6]

**AFFIRMED.**

---

[6]We reject Watson's argument that the district court was required to hold a hearing before dismissing his complaint without prejudice.  See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997) (explaining that a court need not look beyond the allegations in the complaint in ruling on a motion to dismiss based on the plaintiff's failure to state a claim); In re CP Ships Ltd. Sec. Litig., 578 F.3d 1306, 1311-12 (11th Cir. 2009) (explaining that while a district court may need to hold a hearing before ruling on a "factual attack" on subject matter jurisdiction, a district court takes the allegations in the complaint as true when ruling on a "facial attack").