[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-10518

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 28, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00151-CV-5-MCR-EMT

LAWRENCE W. DOUGLAS,

Plaintiff-Appellant,

versus

YATES, Assistant Warden,
KELLOWAY, Chief of Security,
TERRANT, Addiction Treatment Counselor,
FORD, Classification Supervisor,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(July 28, 2008)**

Before EDMONDSON, Chief Judge, PRYOR, Circuit Judge, and JOHNSON,[*]
District Judge.

_____

[*] Honorable Inge P. Johnson, United States District Judge for the Northern District
of Alabama, sitting by designation.

PRYOR, Circuit Judge:

This appeal of the dismissal with prejudice of a complaint by a prisoner, Lawrence W. Douglas, against four prison officials presents two questions: (1) whether the limitation of prisoners' complaints for emotional injury under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e), deprived the district court of subject-matter jurisdiction to consider whether Douglas's complaint states a claim for relief; and (2) whether the district court erred when it concluded that Douglas's complaint fails to state a claim for relief. Douglas's complaint alleges that prison officials violated his civil rights by subjecting him to verbal abuse, more severe confinement, false disciplinary reports, and threats of further injury after he filed a grievance. Because section 1997e(e) provides an affirmative defense against a prisoner's complaint for emotional injury, the district court had jurisdiction to consider whether Douglas's complaint states a claim for relief. We affirm the dismissal with prejudice of that complaint against three of the prison officials but conclude that the complaint states a claim against one official, Assistant Warden James A. Yates. We reverse the dismissal with prejudice of the complaint against Yates and remand with instructions to dismiss that complaint without prejudice.

## I. BACKGROUND

Douglas, an inmate at the Bay Correctional Facility in Florida, filed as a pauper a complaint that alleges that prison officials violated his rights under the Fifth, Eighth, and Fourteenth Amendments to the Constitution. Douglas's complaint requests damages and injunctive relief under the Civil Rights Act of 1871, 42 U.S.C. § 1983. A magistrate judge concluded that the complaint failed to state a claim for relief and notified Douglas that he had the opportunity to amend his complaint to clarify his allegations. Douglas filed an amended complaint.

Douglas alleged in the amended complaint that he was housed in the Addiction Treatment Unit of the prison and shared a cell with an individual who was engaged in income tax fraud. Douglas asked an addiction treatment counselor, whom Douglas identifies only as "Mr. Terrant," to relocate Douglas to another cell so that Douglas would not be implicated in the tax-fraud scheme. Terrant told Douglas that his requested relocation was not an option and Douglas could not be moved unless he left the treatment program.

After Douglas left the treatment program, prison officials prepared a disciplinary report against him. Douglas received a disciplinary hearing, after which he was found guilty of leaving the treatment program and was deprived of more than 210 days of "gain-time," which is "time credited to reduce a prisoner's prison term." Weaver v. Graham, 450 U.S. 24, 24 n.1, 101 S. Ct. 960, 962 n.1

3

(1981) (citing Fla. Stat. § 944.275). Douglas filed a grievance about his punishment.

Douglas alleges that, following the filing of his grievance, he has suffered "mental abuse" and physical intimidation. According to the complaint, he has been harassed and verbally threatened with injury and has been the subject of unfounded disciplinary reports in retaliation for filing the grievance. Douglas's complaint also alleges that he suffered a more severe form of confinement and, after his release, was threatened with more punishment if he did not "drop all action" about his grievances. Douglas's complaint alleges that this mental abuse has caused him to suffer migraines and will cause "further brain damage," even though he alleges that he is currently "100% mentally disabled."

Terrant is the only defendant mentioned outside of the caption in Douglas's complaint, but allegations against two other named defendants appear in a "Memorandum of Law" by Douglas, which "became part of his allegations" when he attached it to his amended complaint. Miller v. Tanner, 196 F.3d 1190, 1192 n.4 (11th Cir. 1999). According to that memorandum, Ford, a classification supervisor, informed Douglas, after Douglas filed a grievance form about disciplinary reports against him, that the disciplinary reports had been destroyed and that Ford had no power to restore Douglas's lost gain time. Douglas alleged

4

that his family informed Yates, an assistant warden, that prison officials had retaliated against him for filing grievances with harassment, threats, and verbal and physical intimidation but Yates declined to investigate and correct these problems. Douglas does not attribute any conduct to "Mr. Kelloway" in his complaint or his memorandum.

Douglas requested relief in the form of money damages for his "psychological pain" and equitable relief in the form of "restoring of gain time." Douglas later abandoned his request for equitable relief. Before any defendant was served, the district court adopted the report and recommendation by the magistrate judge that concluded that Douglas's complaint failed to state a claim on which relief may be granted and dismissed Douglas's complaint with prejudice under the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B)(ii). Douglas appealed.

## II. STANDARD OF REVIEW

We review a dismissal under the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B)(ii), de novo and view the allegations in the complaint as true. The standards that govern a dismissal under Federal Rule of Civil Procedure 12(b)(6) apply, and Douglas's complaint is construed liberally because he filed it pro se. Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

## III. DISCUSSION

We address two of the several grounds for the dismissal of Douglas's complaint mentioned by the district court. First, the district court concluded that, because Douglas was a prisoner when he filed his complaint, Douglas could not bring a complaint for damages "for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Second, the district court dismissed the complaint with prejudice on the ground that it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). We first discuss whether the limitation of a prisoner's complaint for emotional injury, under the Prison Litigation Reform Act, deprived the district court of subject-matter jurisdiction to consider Douglas's complaint on the merits, and we then turn to the question whether Douglas's complaint fails to state a claim on which relief may be granted.

*A. The District Court Had Jurisdiction To Consider the Sufficiency of Douglas's Complaint.*

The Prison Litigation Reform Act provides, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). We have interpreted this statute to require the dismissal of several prisoners' complaints for emotional injury "without prejudice to their being re-filed at a time when the plaintiffs are not confined."

6

Harris v. Garner, 216 F.3d 970, 985 (11th Cir. 2000) (en banc).  Although another circuit has read our decision in Harris as holding that section 1997e(e) deprives a district court of subject-matter jurisdiction,  Positive Black Talk, Inc., v. Cash Money Records, Inc., 394 F.3d 357, 366 n.6 (5th Cir. 2004), we have not addressed that question in a published decision.

Our understanding of section 1997e(e) is guided by a recent decision of the Supreme Court about the meaning of another subsection of that statute.  In Jones v. Bock, the Supreme Court held that the limitation of complaints brought by prisoners who have not exhausted administrative remedies, 42 U.S.C. § 1997e(a), is an affirmative defense, not a jurisdictional limitation.  127 S. Ct. 910, 921 (2007).  The Act casts the limitation that the Supreme Court interpreted in Jones in language that is materially indistinguishable from the language of the limitation of actions for emotional injury: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a); see Jones, 127 S. Ct. at 925 ("Section 1997e(e) contains similar language [to section 1997e(a)].").

In the light of Jones, we conclude that the limitation of complaints by prisoners for emotional injury, 42 U.S.C. § 1997e(e), provides an affirmative

7

defense, not a jurisdictional limitation. To interpret the language of section 1997e(e) to mean something different from the same language in section 1997e(a) "would contravene our normal rules of statutory construction." Jones, 127 S. Ct. at 925. "[S]imilar language contained within the same section of a statute must be accorded a consistent meaning." Nat'l Credit Union Admin. v. First Nat'l Bank & Trust Co., 522 U.S. 479, 501, 118 S. Ct. 927, 939 (1998).

Because section 1997e(e) creates an affirmative defense, the district court had the power to consider whether Douglas's complaint states a valid claim. Davenport Recycling Assocs. v. Comm'r, 220 F.3d 1255, 1259 (11th Cir. 2000). We have explained that an affirmative defense is a "defense that may be pled in a case which is already within the court's authority to decide, and the ability of a party to assert such a defense has nothing to do with the court's power to resolve the case." Id. The district court had subject-matter jurisdiction to consider the dismissal of Douglas's complaint with prejudice.

Our conclusion that the limitation contained in section 1997e(e) is an affirmative defense does not mean that the district court erred when it considered the applicability of that section on its own initiative. See Jones, 127 S. Ct. at 921. A complaint is subject to dismissal for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim."

8

Cottone v. Jenne, 326 F.3d 1352, 1357 (11th Cir. 2003). Because the complaint

discloses that Douglas was a prisoner when the complaint was filed and requests

damages for emotional injury without a prior showing of physical injury, the

district court had the authority, see 28 U.S.C. § 1915(e)(2)(B)(ii), to dismiss the

complaint without prejudice under section 1997e(e). But the district court was also

free to determine that the complaint fails to state a claim for relief on other

grounds.

*B. Douglas's Complaint States a Claim for Relief.*

Our conclusion that section 1997e(e) supports a dismissal without prejudice

does not end the matter because the district court dismissed Douglas's complaint

with prejudice. We must consider whether the district court erred when it

concluded that Douglas's complaint fails to allege a constitutional violation by any

named defendant. We conclude that the complaint fails to state a claim against

Ford, Kelloway, and Terrant, but the complaint states a claim against Yates.

We have explained that "First Amendment rights to free speech and to

petition the government for a redress of grievances are violated when a prisoner is

punished for filing a grievance concerning the conditions of his imprisonment."

Boxer X v. Harris, 437 F.3d 1107, 1112 (11th Cir. 2006). "To state a retaliation

claim, the commonly accepted formulation requires that a plaintiff must establish

9

first, that his speech or act was constitutionally protected; second, that the defendant's retaliatory conduct adversely affected the protected speech; and third, that there is a causal connection between the retaliatory actions and the adverse effect on speech." Bennett v. Hendrix, 423 F.3d 1247, 1250 (11th Cir. 2005). Douglas's complaint must contain enough facts to state a claim of retaliation by prison officials that is "plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

Douglas's complaint contains plausible allegations of retaliation. The complaint alleges that Douglas was exposed to mental abuse, physical intimidation, harassment, and verbal threats of injury and punishment in retaliation for the grievance that he filed. Douglas's complaint also describes unfounded disciplinary reports that were filed against him, an incident of more severe confinement, and threats, after his release from that confinement, that he would be exposed to more punishment if he continued to pursue his grievance.

Although Douglas's complaint alleges that a constitutional violation occurred, the complaint fails to allege facts that associate Terrant, Ford, or Kelloway with that violation. See Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt

10

acts of the defendant caused a legal wrong."); 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1234, at 381–85 (3d ed. 2004) ("[A] complaint will be held defective . . . if [it] fails to connect the defendant with the alleged wrong.").  Neither Douglas's complaint nor his attached memorandum contains any allegations that associate Terrant or Ford with any of the retaliatory conduct that Douglas alleged, and neither document mentions Kelloway at all outside of the caption.

The memorandum attached to the complaint alleges sufficient facts to state a claim against Yates. As a supervisor, Yates is liable under the Civil Rights Act, 42 U.S.C. § 1983, for the unconstitutional acts of his subordinates if he "personally participated in the allegedly unconstitutional conduct or if there is 'a causal connection between [his] actions . . . and the alleged constitutional deprivation.'" West v. Tillman, 496 F.3d 1321, 1328 (11th Cir. 2007) (quoting Cottone, 326 F.3d at 1360 (second alteration in original)).  A causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fails to do so; when the supervisor's improper custom or policy leads to deliberate indifference to constitutional rights; or when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to

stop them from doing so. Id. at 1328–29. Douglas's complaint alleges that his family informed Yates of ongoing misconduct by Yates's subordinates and Yates failed to stop the misconduct. These allegations allow a reasonable inference that Yates knew that the subordinates would continue to engage in unconstitutional misconduct but failed to stop them from doing so. The district court erred when it dismissed Douglas's complaint against Yates with prejudice.

## IV. CONCLUSION

The dismissal by the district court with prejudice of the claims against Ford, Kelloway, and Terrant is **AFFIRMED**. The dismissal with prejudice of the claim against Yates is **REVERSED**. We **REMAND** to the district court with instructions to dismiss the claim against Yates without prejudice.

**AFFIRMED in part**, **REVERSED in part, and REMANDED**.