[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-10936
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 30, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-21670-CV-MGC

RYAN JOSEPH,

Petitioner-Appellant,

versus

FCI MIAMI,
Jorge Pastrana (Warden),
FEDERAL BUREAU OF PRISONS,
Harley G. Lappin,
RONALD HOLT,
UNITED STATES OF AMERICA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 30, 2009)

Before BLACK, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Ryan Joseph, a federal prisoner proceeding *pro se*, filed a habeas corpus petition and amended complaint alleging violations of his Eighth Amendment rights and naming as defendants the United States, the Federal Bureau of Prisons, and several individuals: Jose Pastrana, Harley Lappin, and Ronald Holt.[1] The district court construed his petition as a *Bivens* action,[2] and Joseph later filed an amended complaint bringing additional claims under the Federal Tort Claims Act, 28 U.S.C. § 2674, and the Administrative Procedure Act, 5 U.S.C. § 702. The district court dismissed Joseph's complaint for failure to state a claim, 28 U.S.C. § 1915(e)(2)(B)(ii), and he now appeals the court's dismissal of his Eighth Amendment claims.[3]

We review § 1915(e)(2)(B)(ii) dismissals *de novo*, viewing the allegations in the complaint as true. *Douglas v. Yates*, 535 F.3d 1316, 1319–20 (11th Cir. 2008). The United States and its agencies are not proper defendants in a *Bivens*

---

[1] Joseph apparently intended to sue Raymond Holt, the Bureau of Prisons' Regional Director.

[2] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

[3] In his brief, Joseph does not challenge the dismissal of his FTCA and APA claims; he has therefore abandoned those issues on appeal. *Rowe v. Schreiber*, 139 F.3d 1381, 1382 n.1 (11th Cir. 1998).

action. *FDIC v. Meyer*, 510 U.S. 471, 484–86 (1994); *McCollum v. Bolger*, 794 F.2d 602, 608 (11th Cir. 1986). Accordingly, the district court's dismissal of Joseph's Eighth Amendment claims against the United States and the Bureau of Prisons was not in error, and we affirm this portion of the court's order.

With respect to the individual defendants, Joseph never properly served them with process. *See* Fed. R. Civ. P. 4. Consequently, the district court's discussion of the merits of Joseph's claims against them was unnecessary. Whereas a dismissal for failure to state a claim under § 1915(e)(2)(B)(ii) is ordinarily with prejudice, *cf. Yates*, 535 F.3d at 1320–22, a dismissal for insufficient service of process is without prejudice, Fed. R. Civ. P. 4(m). We therefore vacate the dismissal of Joseph's claims against the individual defendants under § 1915(e)(2)(B)(ii) and remand with instructions to dismiss them without prejudice under Federal Rule of Civil Procedure 4(m).

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**