[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 19, 2010
JOHN LEY
CLERK

No. 09-15678
Non-Argument Calendar

_____

D. C. Docket No. 09-00135-CV-4-RH-WCS

GEOFFREY H. ANDERSON,

Plaintiff-Appellant,

versus

JUSTIN WARD,
JOEL REMLAND,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(April 19, 2010)

Before BLACK, HULL and FAY, Circuit Judges.

PER CURIAM:

Geoffrey H. Anderson, a non-prisoner proceeding pro se, appeals the sua sponte dismissal of his action for violations of 42 U.S.C. §§ 1983, 1985, and 1986, for failure to state a claim upon which relief may be granted and for failure to amend his complaint in compliance with the magistrate judge's orders. The judge twice ordered Anderson to file an amended complaint setting forth sufficient facts to support his allegations and also ordered Anderson to file an amended complaint in compliance with Federal Rule of Civil Procedure 8(a)(2). After Anderson failed to follow these orders, his case was dismissed. Anderson contends his complaint was improperly dismissed because it contained sufficient factual allegations to support his claims.

We review de novo a sua sponte dismissal for failure to state a claim upon which relief may be granted. *See Douglas v. Yates*, 535 F.3d 1316, 1319–20 (11th Cir. 2008). Under Rule 8(a)(2), a plaintiff must file a complaint containing "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citations and internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Although

2

courts liberally construe pro se pleadings, they are not required to "rewrite an otherwise deficient pleading in order to sustain an action."  *GJR Inv. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

The district court did not err by dismissing Anderson's complaint for failure to state a claim upon which relief may be granted.  Anderson's complaint relies almost entirely on conclusory statements and does not provide the type of factual support required under Rule 8(a)(2).  Even accepting the complaint's factual allegations as true, such allegations were not sufficient to allow the district court to draw a reasonable inference that Appellees engaged in a retaliatory conspiracy. Accordingly, we affirm.[1]

**AFFIRMED.**

---

[1] Because dismissal was warranted under Rule 8(a)(2), we need not address whether the district court also could have dismissed Anderson's complaint under Federal Rule of Civil Procedure 41(b) for failure to comply with the magistrate judge's orders.