[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 29, 2010
JOHN LEY
CLERK

No. 09-16439
Non-Argument Calendar

_____

D. C. Docket No. 09-00435-CV-OC-10GRJ

RONALD L. TSOSIE,

Plaintiff-Appellant,

versus

MICHAEL GARRETT, Warden
FNU SCOTT,
S.I.A. Lieutenant,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 29, 1010)

Before TJOFLAT, WILSON and FAY, Circuit Judges.

PER CURIAM:

Ronald L. Tsosie is a federal prison inmate. Proceeding *pro se*, he brought this *Bivens*[1] action against the Warden and a Lieutenant at FCC Coleman claiming that they failed to inform him that they had received information that other inmates were out to get him, and that such failure violated his Fifth Amendment right to protection of life and liberty, his Eighth Amendment right against cruel and unusual punishment, his Fifth Amendment right to equal protection of the law, his rights under the Indian Civil Rights Act, Navajo Treaty of 1868, and 8 U.S.C. § 1401(b).[2]

The district court, acting *sua sponte*, noting that Tsosie failed to allege any physical injury, a requirement for relief under 42 U.S.C. § 1997e(e), dismissed his suit under § 1997e(e) and, alternatively, under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e)(2)(B)(i), on the ground that the *Bivens* claim was frivolous. Tsosie now appeals the court's ruling.

We review a dismissal under § 1915(e)(2)(B) *de novo*, accepting the allegations in the complaint as true. *See Douglas v. Yates*, 535 F.3d 1316, 1319-20

---

[1] *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

[2] Tsosie also raises an additional claim under 18 U.S.C. § 4042. Because he did not present the claim to the district court, we do not consider it. *See Access Now, Inc., v. Southwest Airlines Co.,* 385 F.3d 1324, 1331 (11th Cir. 2004) (holding that we will not consider issues not raised in the district court and raised for the first time in an appeal).

2

(11th Cir. 2008) (addressing dismissal for failure to state a claim under § 1915(e)(2)(B)(ii)). Although the standards that govern a dismissal under Federal Rule of Civil Procedure 12(b)(6) apply, we construe *pro se* pleadings liberally. *Id.* at 20. Dismissal is required if the facts as pled do not state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 556 U.S. ___, ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Under the PLRA, a case should be dismissed if the action or appeal "is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i).

Pursuant to the PLRA, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Thus, when a lawsuit involves a mental or emotional injury, § 1997e(e) requires a showing of physical injury in order for the plaintiff to make out a case. *Napier v. Preslicka*, 314 F.3d 528, 531-32 (11th Cir. 2002).

The Eighth Amendment imposes a duty on prison officials "to protect prisoners from violence at the hands of other prisoners." *Rodriguez v. Sec'y for Dep't of Corr.*, 508 F.3d 611, 616-17 (11th Cir. 2007) (quotation omitted). Prison officials may be held liable under the Eighth Amendment when they are deliberately indifferent to the substantial risk of serious harm to inmates. *Marsh v.*

3

*Butler Cnty, Ala.*, 268 F.3d 1014, 1027 (11th Cir. 2001) (en banc). They must be aware of a substantial risk of serious harm to the inmates and not take reasonable measures to alleviate that risk. *Id.* Under traditional tort principles, to hold defendants liable for a constitutional tort, the plaintiff must show injury or damage. *Rodriguez*, 508 F.3d at 626 (holding that to establish damages for a constitutional tort, the defendants must have either caused or proximately caused the alleged injuries and damages).

The district court did not err in dismissing with prejudice Tsosie's complaint as frivolous under § 1915(e)(2)(B)(i) because the complaint does not allege that Tsosie suffered any physical injuries and could not have suffered any mental or emotional injuries because he was safely in protective custody before he began to suspect that the defendants knew of prior threats against him. Therefore, viewing the complaint's allegations as true, his constitutional claims under the Fifth and Eighth Amendments fail because the defendants' failure to notify him of threats did not cause him any injury, and thus, there is no plausibility that he is entitled to relief. In addition, provisions under the Indian Civil Rights Act, the Navajo Treaty of 1868, and 8 U.S.C. § 1401(b) do not relate to Tsosie's claims against the defendants, and thus, those claims are frivolous. Moreover, even if *arguendo* Tsosie suffered mental or emotional injuries, he did not allege that he suffered any

4

physical injuries, which is a requirement for relief for mental or emotional injuries suffered while an inmate is in custody under § 1997e(e).

AFFIRMED.