[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12071
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 14, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:10-cv-20281-MGC

PERMON THOMAS,

Plaintiff-Appellant,

versus

CHARLES LAWRENCE,
ALBA DIAZ, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 14, 2011)

Before BLACK, PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Permon Thomas, a Florida prisoner proceeding *pro se*, appeals the dismissal

of his First Amendment retaliation complaint, filed pursuant to 42 U.S.C. § 1983, for failure to state a claim upon which relief could be granted. Thomas's complaint alleged that Chaplain Alba Diaz, Former Assistant Warden Charles Lawrence, Warden Churchwell, and Assistant Warden Shoney, all employees of the Dade Correctional Institution in Florida ("DCI"), as well as Walter McNeil, Secretary of the Department of Corrections, and Adams, a grievance coordinator in Tallahassee, retaliated against him for exercising his First Amendment rights. Thomas alleged that, at some time prior to October 20, 2008, Diaz accused Thomas of forging her name on a request to take a final examination for a correspondence school course, and told him that he was not permitted to fill out the form. At that meeting, Diaz told Thomas that she would issue him a verbal reprimand for his violation. On October 20, 2008, Thomas submitted an informal grievance against Diaz, alleging that she falsely accused him of forgery. Diaz responded to Thomas's grievance, denying his request for relief, recommending that he be subject to administrative action for lying to staff on the course examination form, and forwarding the response to Assistant Warden Charles Lawrence for a determination of punishment. Lawrence directed Diaz to write Thomas a disciplinary report. After he was found guilty of the infraction by the disciplinary team, and after exhausting all of his administrative remedies, Thomas

2

filed his § 1983 complaint.

The district court dismissed Thomas's complaint, concluding that Thomas's allegations were conclusory as to Lawrence, Churchwell, Shoney, McNeil, and Adams. As to Diaz, the district court concluded that Thomas failed to establish a causal connection between a protected activity and the alleged retaliatory act.

On appeal, Thomas argues that Florida law authorized only Diaz to make the decision to issue a disciplinary report, and that it was error for the court to conclude that Lawrence made the decision to discipline him. Thomas also argues that Diaz's disciplinary report was not made within the regular course of business because Florida law did not provide that she could send her grievance response to the next level of review. Thomas additionally argues that the district court abused its discretion by dismissing the complaint on the basis that he failed to establish an actionable causal connection between the protected activity and the alleged retaliatory acts. He asserts that his complaint demonstrated that Diaz wrote the disciplinary report as a reaction to his filing an informal grievance against her, and that the chronology of the events described in his complaint supports an inference of retaliation.

We review a district court's decision to dismiss a prisoner's complaint for failure to state a claim *de novo*. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir.

2006)).  A court must accept a plaintiff's well-pled facts as true and make reasonable inferences in his favor, but the court is not required to accept the plaintiff's legal conclusions or draw his inferences. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009).  A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that the plaintiff is not entitled to relief.  *Jones v. Bock*, 549 U.S.199, 127 S.Ct. 910, 920, 166 L.Ed.2d 798 (2007).

In order to prevail on a civil rights action under 42 U.S.C. § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law.  *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).  For a prisoner to state a First Amendment retaliation claim under § 1983, the prisoner must establish: (1) that his speech or act was constitutionally protected; (2) that the defendant's retaliatory conduct adversely affected the protected speech; and (3) that there is a causal connection between the retaliatory actions and the adverse effect on the speech.  *Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008).  A prisoner's filing of a grievance concerning his conditions of his imprisonment is protected speech under the First Amendment. *See id*. (quoting *Boxer X*, 437 F.3d at 1112).  To prevail, the adverse action that the inmate suffers as a result of the prison official's alleged retaliation must be

4

such that it "would likely deter a person of ordinary firmness from engaging in such speech." *Smith v. Mosley*, 532 F.3d 1270, 1276 (11th Cir. 2008). The second element of the cause of action thus requires "an objective standard and a factual inquiry." *Id*. at 1277. The third element, whether there was a causal connection between the retaliatory acts and the adverse effect on the speech, "asks whether the defendants were subjectively motivated to discipline because [the prisoner] complained of the conditions of his confinement." *Id*. at 1278.

The Florida Administrative Code contains procedures relating to the filing and review of inmate grievances. Fla. Admin. Code 33-103 *et seq*. Inmates are entitled to utilize the grievances procedures to complain about a number of matters, including incidents that occur within the institution that affect them personally. Fla. Admin. Code 33-103.001(2), (3)(d). "It is the policy of the [Florida Department of Corrections] that all inmate request forms be answered." Fla. Admin. Code 33-103.005(5). Prior to initiating a formal grievance with the institution's wardens, an inmate must file an informal grievance "with the staff member who is responsible in the particular area of the problem." Fla. Admin. Code 33-103.002(5), (12), 33-103.005(1). When an inmate files an informal grievance, the reviewing authority is the staff member who is responsible for the issue grieved. Fla. Admin. Code 33-103.002(15)(a). The reviewing authority

5

must respond to the inmate, in writing, with a decision to approve, deny or return the grievance and the reasons for the decision, and must sign and date the form and return the informal grievance to the inmate. Fla. Admin. Code 33-103.002(16), 33-103.005(4)(a)-(c). If the grievance is denied, the response must include a statement informing the inmate that he may obtain further administrative review of his complaint. Fla. Admin. Code 33-103.005(4)(d), 33-103.15(5).

An inmate's good faith use of the grievance process should not result in reprisal against him, and thus staff should not obstruct an inmate's access to the grievance process by retaliating or threatening to retaliate against the inmate for his participation in the grievance process. Fla. Admin. Code 33-103.002(10), 33-103.017(1). However, an inmate is subject to administrative and disciplinary action if the inmate knowingly includes false statements in the grievance or any of its attachments, regardless of any reprisal by staff. Fla. Admin. Code 33-103.017(2); *see also* Fla. Admin Code 33-601.314(9)-(10) (providing that an inmate may be subject to a maximum of 60 days of disciplinary confinement and may forfeit all of his gain time for "lying to a staff member or others in official capacity, or falsifying records.").

The Florida Administrative Code also contains procedures relating to

inmate discipline.  Fla. Admin. Code 33-601 *et seq*.  If any employee witnesses or has reason to believe that an inmate has violated DOC rules or procedures, and the employee determines that the infraction can be disposed of without a formal disciplinary report, the employee may reprimand the inmate verbally or in writing.  Fla. Admin. Code 33-601.303(1).  A verbal reprimand should be documented on the inmate's contact card, which is a written log, kept in the inmate's housing unit, to document the inmate's behavior.  Fla. Admin. Code 33-601.302(2), 33-601.303(1)(a).  A written reprimand is kept in the inmate's institutional file, and a copy must be provided to the inmate within 24 hours of the corrective consultation with the inmate.  Fla. Admin. Code. 33-601.303(1)(b).  If, however, the employee determines that the matter cannot be resolved with a verbal or written reprimand, "the employee shall consult with and obtain approval from his or her supervisor regarding preparation of a formal disciplinary report[.]" Fla. Admin. Code. 33-601.303(2).

A.  **Thomas's claim against Diaz**

Here, Thomas has failed to state a First Amendment retaliation claim against Diaz.  The facts and chronology of events presented in Thomas's complaint could satisfy the causal connection requirement.  However, any inference of a causal connection between Thomas's grievance and the alleged retaliation by Diaz is

broken because Diaz was required to respond to Thomas's grievance, because Diaz complied with Florida law, and because a party other than Diaz determined or confirmed that Thomas should receive a disciplinary report. Accordingly, the district court did not err in dismissing Thomas's complaint for failure to state a claim based on a lack of a causal connection between the grievance and the alleged retaliation.

## B. Thomas's claims against all other defendants

Thomas also argues on appeal that he set forth sufficient facts to state a claim of retaliation against each of the defendants because Diaz's disciplinary report was a retaliatory act which was approved by each of the other defendants.

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 8(d)(1) requires that "[e]ach allegation must be simple, concise and direct." Rule 8 does not require a plaintiff to provide detailed factual allegations, but a complaint will not suffice if it offers no more than "labels and conclusions," or "an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868, 883-84 (2009).

Even construing the allegations and facts in the complaint in the light most favorable to Thomas, he has failed to state a claim against any other defendant.

8

Thomas's grievance did not complain about any staff member except for Diaz, and his complaint failed to allege any facts that would suggest that any of the other named defendants had a reason to retaliate against him for filing the grievance against Diaz. Because Thomas merely concludes that each of the defendants retaliated against him for filing the grievance by approving of Diaz's disciplinary report, his claims against the remaining defendants do not comply with the requirements of Rule 8. *See Ashcroft*, 129 S.Ct. at 1949. Accordingly, the district court did not err in dismissing Thomas's complaint in its entirety.

**AFFIRMED.**