[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11679
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-23529-KMM


BRUCE SIMMONS,

Plaintiff - Appellant,

versus

JUAN R. MONSERRATE,
MAGGIE ROSADO,
VIVIAN BONET,
ERNESTO ALVAREZ,
JORGE PASTRANA, et al.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 14, 2012)

Before CARNES, WILSON and FAY, Circuit Judges.

PER CURIAM:

Bruce Simmons, a federal prisoner proceeding *pro se*, appeals from the district court's grant of summary judgment in favor of the eight named defendants on his claim that the defendants were deliberately indifferent to his serious medical needs.[1]  In addition, Simmons argues that his constitutional rights were violated when his case was transferred to a different district court judge after his original district judge—Judge Jordan—was elevated to this court.  We affirm.

I

We review the district court's grant of summary judgment de novo, viewing the facts and making all reasonable inferences in the light most favorable to the nonmoving party.  *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1314 (11th Cir. 2011).  We affirm a district court's grant of summary judgment when the record shows that there is no genuine dispute as to any material fact and that the moving party below is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

II

A

The Eighth Amendment prohibition on cruel and unusual punishments forbids prison officials from acting with a "deliberate indifference to serious

---

[1] To the extent Simmons argues that the district court improperly denied his motion for summary judgment, we are without jurisdiction to review such interlocutory orders. *See T&B Scottdale Contractors, Inc. v. United States*, 815 F.2d 1425, 1427–28 (11th Cir. 1987).

medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976).  Necessarily, not every claim of inadequate medical treatment rises to the level of a constitutional violation, *id.* at 105, 97 S. Ct. at 291, and an incarcerated individual must establish "more than ordinary lack of due care" to succeed on an Eighth Amendment claim, *Whitley v. Albers*, 475 U.S. 312, 319, 106 S. Ct. 1078, 1084 (1986).[2]

To prevail on a deliberate indifference claim, the plaintiff must show that: (1) he had a serious medical need (the objective component), (2) the prison officials acted with deliberate indifference to his serious medical need (the subjective component), and (3) the injury was caused by the defendants' wrongful conduct.  *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1326 (11th Cir. 2007).  The objective component requires a plaintiff to show that his serious medical need would pose a substantial risk of serious harm if left unattended and that the prison officials' response to that need was sufficiently poor to constitute "'an unnecessary and wanton infliction of pain.'"  *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir.

---

[2] The defendant prison officials argue here, like they did in the district court, that Simmons has failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). This failure-to-exhaust argument is based on Simmons's untimely appeal of the denial of his administrative grievance to the Bureau of Prisons' Regional and Central Offices.  Because the failure to exhaust under § 1997e(a) "is an affirmative defense, not a jurisdictional limitation," *Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008) (citing *Jones v. Bock*, 549 U.S. 199, 216, 127 S. Ct. 910, 921 (2007)), we choose to address to the merits of Simmons's Eighth Amendment claim rather than delve into the exhaustion issue, since relief is due to be denied on the merits of the claim.

3

2000) (quoting *Gamble*, 429 U.S. at 105–06, 97 S. Ct. at 291–92).  The subjective component requires that a plaintiff demonstrate (1) the prison officials' subjective knowledge of a risk of serious harm, (2) their disregard of that risk, and (3) conduct that arises to more than gross negligence.  *Goebert*, 510 F.3d at 1326–27.

Delay in providing "diagnostic care and medical treatment known to be necessary" can qualify as deliberate indifference.  *H.C. ex rel. Hewett v. Jarrard*, 786 F.2d 1080, 1086 (11th Cir. 1986); *see also Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 704 (11th Cir. 1985) ("[I]f necessary medical treatment has been delayed for non-medical reasons, a case of deliberate indifference has been made out.").  That delay, however, must be "tantamount to unnecessary and wanton infliction of pain," and we require an inmate who alleges a delay-based Eighth Amendment claim to "place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed."  *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187–88 (11th Cir. 1994) (quotation marks omitted), *abrogated on other grounds by Hope v. Pelzer*, 536 U.S. 730, 122 S. Ct. 2508 (2002).  We have found cognizable deliberate-indifference claims when the prison officials delayed treatment for life-threatening emergencies and in "situations where it is apparent that delay would detrimentally exacerbate the medical problem."  *Id.* at 1187.

We agree with the district court that Simmons meets the objective prong by

showing a serious medical need—a brain mass.  Simmons posits that there are disputed issues of fact regarding the subjective component.  Specifically, he disputes whether the prison officials (1) knew that the medical treatment he received for his brain mass was inadequate and therefore exposed him to a risk of harm and (2) disregarded that known risk.  Regarding the adequacy of Simmons's treatment, the record evidence shows that the brain mass has been monitored continuously by medical staff since at least May of 2005, the time that Simmons had an MRI.  From 2005 to 2010, additional MRI and CT scans have been performed and compared with previous documentation to discern any changes.  Medical staff evaluated Simmons's vision, which remained unchanged, and his headache symptoms were treated on an as-needed basis.  Although Simmons contends that the focus on controlling his symptoms exposes him to an increased risk of blindness or death, there is simply no record medical evidence to support this claim.  *See Hill*, 40 F.3d at 1188.

When Simmons was recommended for evaluation for potential surgery in 2010, Simmons was examined by three separate doctors, including an oral and maxillofacial surgeon and a neurosurgeon.  New MRI and CT scans were performed, yet no doctor expressed an opinion that surgery was necessary.  Radiologic reports reflect that the new scans revealed no significant change to the size or composition of the mass in the intervening period.

Based on the record, Simmons has not demonstrated that the prison officials had any subjective knowledge of a risk of harm attributable to the brain mass. Indeed, at every stage, the medical reports have suggested the opposite. At its core, Simmons's argument indicates a disagreement with the course of diagnosis and treatment by his physicians. These types of decisions, however, are "a classic example of a matter for medical judgment" that cannot serve as the basis for a proper Eighth Amendment deliberate-indifference claim. *Gamble*, 429 U.S. at 107, 97 S. Ct. at 293.

Simmons also contends that the delay in adequate medical treatment provides a basis for his claim. He argues that his condition requires a biopsy or surgery, and the delay in obtaining those services constitutes deliberate indifference. Contrary to Simmons's argument, though, no treating physician has stated that either a biopsy or surgery is medically necessary. *See Jarrard*, 786 F.2d at 1086 ("[T]he failure to provide diagnostic care and medical treatment *known to be necessary* [i]s deliberate indifference." (emphasis added)). And importantly, Simmons has not proffered any "verifying medical evidence" to establish the detrimental effect of a delay in medical treatment. *Hill*, 40 F.3d at 1188.

Simmons fleetingly references a knee injury and trigger-finger condition in his brief but provides no factual or legal support for an Eighth Amendment violation based on those afflictions. From our review of the record, the prison

6

officials have not been deliberately indifferent to these conditions. Regarding Simmons's knee injury, he has been advised multiple times that surgery is an elective procedure, and he has been supplied with knee braces and pain medication as needed. Regarding the trigger-finger condition, Simmons has received anti-inflammatory injections and has undergone a surgical procedure. On these facts, Simmons cannot succeed on his Eighth Amendment claim.

Because there are no genuine issues of material fact and the documentary evidence confounds any claim that the prison officials were deliberately indifferent to Simmons's medical needs, summary judgment in favor of the prison officials was proper.

### B

Next, Simmons argues that reassignment of his case to another district judge upon Judge Jordan's elevation to the Eleventh Circuit violated his due process rights. Specifically, he contends that the timing of the grant of summary judgment—the district court adopted the magistrate judge's report and recommendation one week after reassignment—shows that the court below acted out of bias and prejudice, thereby violating his right to an impartial and disinterested tribunal. Having presented us with no evidence of bias and no authority prohibiting the sort of administrative reassignment that occurred here, Simmons's due process claim is entirely without merit.

7

**AFFIRMED.**