[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11726
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-20651-JJO


KENNETH D. HUMPHREY,
Former Customs and Border Protection Officer,

                                                     Plaintiff - Appellant,


versus


JANET NAPOLITANO,
DEPARTMENT OF HOMELAND SECURITY,

                                                     Defendant - Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 19, 2013)

Before CARNES, BARKETT and MARTIN, Circuit Judges.

PER CURIAM:

Kenneth D. Humphrey, a former Customs and Border Protections Officer, sued Janet Napolitano, Secretary of the Department of Homeland Security (DHS). Proceeding pro se, he alleged that he was discriminated against because of his race and age, in violation of the Civil Rights Act and the Age Discrimination in Employment Act (ADEA). He also asserts that DHS conspired to interfere with his civil rights, in violation of the Conspiracy to Obstruct Justice Act. The district court granted DHS's motion for summary judgment, finding that Humphrey neither experienced an adverse employment action nor established that he was treated differently than similarly-situated employees. The district court also found that Humphrey's conspiracy to obstruct justice claim was barred by the intracorporate conspiracy doctrine, which does not allow for conspiracy allegations against people working for the same organization.

Humphrey raises several issues in his pro se appeal.[1] He argues that the district court erred by 1) finding he did not suffer an adverse employment action; 2) concluding that he did not identify similarly-situated employees; and 3)

---

[1] We liberally interpret pleadings from a pro se litigant. Douglas v. Yates, 535 F.3d 1316, 1320 (11th Cir. 2008).

determining that government employees who work for the same organization cannot be sued under the Conspiracy to Obstruct Justice Act.[2]

We review the district court's grant of a summary judgment motion de novo, applying the same legal standard as the district court. Durruthy v. Pastor, 351 F.3d 1080, 1084 (11th Cir. 2003). Summary judgment is proper "when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Id. (quotation marks omitted). In assessing whether there is no genuine issue as to any material fact, we "must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party, and must resolve all reasonable doubts about the facts in favor of the non-movant." Rioux v. City of Atlanta, Ga., 520 F.3d 1269, 1274 (11th Cir. 2008) (quotation marks and citation omitted). "A genuine issue of material fact exists when a reasonable jury could return a verdict for the nonmoving party." Chapter 7 Trustee v. Gate

---

[2] The district court dismissed Humphrey's claims against the Equal Employment Opportunity Commission (EEOC) because "sovereign immunity shields federal agencies from suit." The district court also dismissed Humphrey's retaliation claims against DHS because he did not exhaust administrative remedies. Humphrey refers to retaliation in his appellate brief while describing the alleged conspiracy against him, but he does not present any argument contesting the district court's dismissal of his retaliation claims against DHS, or his claims against the EEOC. Humphrey does argue against the dismissal of his EEOC claims in his reply brief. "While we read briefs filed by pro se litigants liberally, issues not briefed on appeal by a pro se litigant are deemed abandoned. . . . [and] we do not address arguments raised for the first time in a pro se litigant's reply brief." Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (citations omitted). We will not, therefore, consider these arguments.

Gourmet, Inc., 683 F.3d 1249, 1254 (11th Cir. 2012) (quotation marks and citations omitted).

## I.

The undisputed facts, viewed in the light most favorable to Humphrey, show that he was placed on desk duty during the investigation into incidents occurring on November 2, 2008 and November 12, 2008 at the Miami International Airport. On November 2, 2008, Humphrey was checking vehicles entering the airport. Continental Airlines employees did not want to stop their car, so Humphrey stopped them and asked for identification. Humphrey detained and threatened to arrest them.

Next, on November 12, 2008, Humphrey noticed that a Dade County employee opened a door "between the international and domestic jet way bridge" without authorization, so Humphrey removed him from the area. Humphrey took the Dade County employee's identification badge, as well as the identification badge of an American Airlines employee. A Dade County supervisor arrived and told Humphrey that he did not have the authority to challenge Dade County employees. Humphrey said he needed to see another supervisor, and a "second level supervisor showed up." The police also arrived.

After these events, Humphrey was accused of "behav[ing] in an unprofessional manner." He was put on desk duty while an investigation was

4

carried out.  Because he was limited to desk duty, Humphrey could not be assigned the same amount of overtime work, which resulted in less pay.  Humphrey was also unable to bid for his preferred assignment for the upcoming year, because the bidding process excluded employees under investigation.  The investigation concluded on March 11, 2009, and no action was taken against Humphrey.  Humphrey claims the investigation and his assignment to desk duty were motivated by age and race discrimination.

## II.

Because Humphrey relies on circumstantial evidence, we apply the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817 (1973), to his race discrimination claim.  Under the McDonnell Douglas framework,  Humphrey must first make a prima facie case, which generally requires a showing that: 1) he belongs to a protected class; 2) he was qualified to do the job; 3) he was subjected to adverse employment action; and 4) and his employer treated similarly-situated employees outside his class more favorably. See Crawford v. Carroll, 529 F.3d 961, 970 (11th Cir. 2008).  Once a plaintiff makes the prima facie case, "the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory reason for its actions."  Wilson v. B/E Aerospace, 376 F.3d 1079, 1087 (11th Cir. 2004).

We also apply the McDonnell Douglas framework to Humphrey's age discrimination claim.  In Gross v. FBL Financial Services, Inc., the Supreme Court explained that it "has not definitively decided whether the evidentiary framework of McDonnell Douglas Corp. v. Green utilized in Title VII cases is appropriate in the ADEA context."  557 U.S. 167, 175 n.2, 129 S. Ct. 2343, 2349 n.2 (2009) (citation omitted).  However, "[f]ollowing Gross, we have continued to evaluate ADEA claims based on circumstantial evidence under the McDonnell Douglas framework."  Sims v. MVM, Inc., 704 F.3d 1327, 1332 (11th Cir. 2013).  Thus, Humphrey must make a prima facie showing of age discrimination.  He can do so by showing "that he (1) was a member of the protected age group, (2) was subjected to adverse employment action, (3) was qualified to do the job, and (4) was replaced by or otherwise lost a position to a younger individual."  Chapman v. AI Transp., 229 F.3d 1012, 1024 (11th Cir. 2000).

Humphrey contests the district court's conclusion that he did not identify similarly-situated employees of his race or age that DHS treated more favorably.[3]  He generally argues that he was "deprived . . . of the legitimate employment opportunities that were being enjoyed fully by the younger White and Cuban team members."  However, he does not point to any similarly-situated employees who

[3] Humphrey also contests the district court's conclusion that he did not experience an adverse employment action.  However, we need not decide this issue because Humphrey failed to identify any similarly-situated employees outside of his race that DHS treated more favorably, and neither did he identify a younger employee who replaced him. See Crawford, 529 F.3d at 970; Chapman, 229 F.3d at 1024.

6

were of a different race who were treated differently. Nor does he identify any younger employees that replaced him, filled the position that he desired, or were otherwise treated more favorably. Humphrey also presents no evidence that his age was the "but-for" cause of his temporary assignment to desk duty. See Gross, 557 U.S. at 176, 129 S. Ct. at 2350 ("To establish a disparate-treatment claim under the plain language of the ADEA . . . a plaintiff must prove that age was the 'but-for' cause of the employer's adverse decision.").

We require evidence of similarly-situated employees when a plaintiff alleges discriminatory discipline so we can evaluate "whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways." Burke-Fowler v. Orange Cnty., Fla., 447 F.3d 1319, 1323 (11th Cir. 2006). This helps us to avoid "second-guessing employers' reasonable decisions and confusing apples with oranges." Id. Because Humphrey did not present evidence of similarly-situated employees, he failed to make a prima facie case of discrimination.

### III.

Humphrey argues that the intracorporate conspiracy doctrine should not prevent consideration of his conspiracy claim under 42 U.S.C. § 1985(3). We have explained that the doctrine of intracorporate conspiracy bars claims arising under § 1985(3) because "it is not possible for a single legal entity consisting of the

corporation and its agents to conspire with itself." McAndrew v. Lockheed Martin Corp., 206 F.3d 1031, 1036 (11th Cir. 2000).[4] "This doctrine has been applied not only to private corporations but also to public, government entities." Dickerson v. Alachua Cnty. Comm'r, 200 F.3d 761, 767 (11th Cir. 2000); see also Denney v. City of Albany, 247 F.3d 1172, 1191 (11th Cir. 2001) (applying the intracorporate conspiracy doctrine to bar a § 1985 claim against two city employees); Rehberg v. Paulk, 611 F.3d 828, 854 (11th Cir. 2010), aff'd, 132 S. Ct. 1497 (2012) ("The intracorporate conspiracy doctrine bars conspiracy claims against . . . government actors . . . ."). Because Humphrey's conspiracy claim is "against actors who are part of a single, public entity," we find that his § 1985 claim is barred by the intracorporate conspiracy doctrine. Dickerson, 200 F.3d at 768–69.

## IV.

For these reasons, we affirm the district court's grant of summary judgment.

**AFFIRMED**.

---

[4] "We have long recognized an exception to the applicability of the intracorporate conspiracy doctrine for intracorporate criminal conspiracies arising under 18 U.S.C. § 371 of the federal criminal code." McAndrew, 206 F.3d at 1038. Because Humphrey does not allege any criminal misconduct, we need not address this exception.