[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11272
Non-Argument Calendar
_____

D.C. Docket No. 3:11-cv-00423-RV-CJK

JAVADO AUDRIC THOMPSON,

Plaintiff-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
M. NICHOLS,
ARNP,
W. D. RUMMEL,
MD CHO,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(January 14, 2014)

Before PRYOR, FAY and KRAVITCH, Circuit Judges.

PER CURIAM:

Javado Audric Thompson, a Florida prisoner proceeding *pro se*, appeals the district court's dismissal of his third amended 42 U.S.C. § 1983 civil rights complaint. For the reasons that follow, we reverse and remand.

Thompson filed a third amended § 1983 complaint against Nurse M. Nichols and Dr. W.D. Rummel, two medical care providers at the Santa Rosa Correctional Institution (Santa Rosa).[1] In this complaint, Thompson alleged that his diet at Santa Rose caused him to suffer from headaches, weakness, cold sweats, dizziness, weight loss, numbness in his left arm, and high blood sugar that caused fainting. According to Thompson, Nichols failed to change his diet or provide other adequate treatment, and retaliated against him after he filed grievances by refusing medical care. Thompson further alleged that Dr. Rummel, as the chief health care provider at Santa Rosa, knew of Thompson's ailments, was on notice of Nichols's actions via grievances and requests for sick call, and denied all of Thompson's grievances. As a result of these acts, Thompson alleged that he experienced his

---

[1] In his second amended complaint, Thompson requested compensatory damages and injunctive relief. The district court issued an order advising Thompson that his request for injunctive relief was moot because he had been transferred from Santa Rosa. The court further advised Thompson that his request for damages could not stand under 42 U.S.C. § 1997e(e) in the absence of a showing of physical injury. The court gave Thompson the opportunity to amend his complaint a third time to address these deficiencies. The third amended complaint did not request injunctive relief and sought only compensatory damages. To the extent that Thompson's appellate brief can be read to address the denial of injunctive relief, we affirm because Thompson's transfer to another facility mooted his request for that remedy. *Spears v. Thigpen*, 846 F.2d 1327, 1328 (11th Cir. 1988).

symptoms for over a year, and he requested $120,000 for his pain and suffering and emotional distress.

The magistrate judge recommended that Thompson's third amended complaint be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted because Thompson had not shown the requisite physical injury under 42 U.S.C. § 1997e(e).[2] The district court adopted the recommendation, over Thompson's objections, and dismissed the complaint without prejudice. This is Thompson's appeal.

We review *de novo* a district court's dismissal of a complaint for failure to state a claim under § 1915(e)(2)(B)(ii), accepting the allegations in the complaint as true. *Douglas v. Yates*, 535 F.3d 1316, 1319-20 (11th Cir. 2008). The standards that govern a dismissal under Federal Rule of Civil Procedure 12(b)(6) apply to dismissals under § 1915(e)(2)(B)(ii). *Id.* at 1320. *Pro se* pleadings are construed liberally. *Id.*

In an action pursuant to § 1983, a plaintiff may recover damages for monetary loss, physical pain and suffering, mental and emotional distress, impairment of reputation, and personal humiliation. *Slicker v. Jackson*, 215 F.3d

---

[2] The district court also adopted the magistrate judge's finding that the complaint could not be liberally construed to seek nominal damages. Thompson does not challenge this finding on appeal and thus we do not address it. *See Holland v. Gee*, 677 F.3d 1047, 1066 (11th Cir. 2012) ("The law is by now well settled in this Circuit that a legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed." (alteration and internal quotation marks omitted)).

1225, 1231 (11th Cir. 2000).  But, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury. . . ."  42 U.S.C. § 1997e(e).  To satisfy § 1997e(e), a prisoner must allege physical injury that is more than *de minimis*, but the injury need not be significant. *Harris v. Garner*, 190 F.3d 1279, 1282, 1286-87 (11th Cir. 1999) (concluding that ordering a prisoner to "dry shave," without more, did not satisfy § 1997e(e)'s physical harm requirement), *reh'g en banc granted, vacated*, 197 F.3d 1059 (11th Cir. 1999), *reinstated in relevant part*, 216 F.3d 970 (11th Cir. 2000) (*en banc*). Section 1997e(e) is an affirmative defense  and the district court may *sua sponte* dismiss a claim where the allegations show that it would bar recovery.  *Douglas*, 535 F.3d at 1320-21.

Upon review, we conclude that the district court erred in its application of § 1997e(e).  First, if we liberally construe Thompson's complaint, Thompson set forth a claim for physical injury as well as emotional damages.  *See* 42 U.S.C. § 1997e(e).  The district court read Thompson's complaint too narrowly in concluding that all of Thompson's claims for damages were based on the emotional distress associated with his confinement.  *See Douglas*, 535 F.3d at 1320; *see also Slicker*, 215 F.3d at 1231.  Second, the district court erred in determining that Thompson had alleged only *de minimis* physical harm and, thus,

4

§ 1997e(e) barred his claims for damages caused by emotional injury.  Accepted as true, the allegations in Thompson's complaint allege continuing severe physical pain and other symptoms that persisted for an extended period of time and required medical treatment.[3]  Although perhaps not significant, the physical injury that Thompson alleged rose above the *de minimis* threshold that we set out in *Harris*. *See Harris*, 190 F.3d at 1286-87.

Accordingly, we reverse and remand for further proceedings.

**REVERSED AND REMANDED.**

---

[3]  Although this court has not adopted a definition of "de minimus" under § 1997e, and we need not do so here, one court has described it as "[a] physical injury is an observable or diagnosable medical condition requiring treatment by a medical care professional."  *See Luong v. Hatt*, 979 F. Supp. 481 (N.D. Tex. 1997).  We express no opinion as to whether Thompson will ultimately meet the physical injury standard; we simply conclude that he has alleged enough to avoid dismissal at this stage.