[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-11110
Non-Argument Calendar

_____

D.C. Docket No. 4:14-cv-00274-MW-CAS


CONRAAD L. HOEVER,

Plaintiff-Appellant,

versus

H. ANDREWS,
Colonel Chief of Security,
C. CHASON,
Assistant Warden of Operations,
P. GRICE,
Classification Supervisor,
E. HOWARD,
Correctional Supervisor,
FLORIDA DEPARTMENT OF CORRECTIONS,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(November 16, 2015)

Before JORDAN, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Conraad Hoever, a Florida prisoner proceeding pro se, appeals the dismissal of his third amended complaint, filed pursuant to 42 U.S.C. § 1983, for failure to state a claim upon which relief could be granted. On appeal, Hoever argues that the third amended complaint alleges facts sufficient to state a claim for retaliation under the First Amendment. After review,[1] we affirm.

The third amended complaint does not name E. Howard as a defendant and does not include any allegations of fact relating to Howard. Hoever has therefore abandoned any claim against Howard in this action. *C.f. Dresdner Bank AG v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006) (quotation omitted) ("An amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.").

As to the remaining three defendants, to state a First Amendment retaliation claim under 42 U.S.C. § 1983, the third amended complaint must adequately allege: (1) that Hoever's speech or act was constitutionally protected; (2) that the defendants' retaliatory conduct adversely affected the protected speech; and (3)

---

[1] We review de novo a sua sponte dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). *Dimanche v. Brown*, 783 F.3d 1204, 1214 (11th Cir. 2015).

that there is a causal connection between the retaliatory actions and the adverse effect on the speech. *See Douglas v. Yates,* 535 F.3d 1316, 1321 (11th Cir. 2008). The third amended complaint fails to allege facts to support Hoever's conclusion that his transfer to a different prison adversely affected his protected speech and that the defendants were subjectively motivated to transfer Hoever because he complained of the conditions of his confinement. *See Smith v. Mosley,* 532 F.3d 1270, 1278 (11th Cir. 2008) ("The causal connection inquiry asks whether the defendants were subjectively motivated to discipline because [the prisoner] complained of some of the conditions of his confinement."). Absent non-conclusory allegations supporting two of the three elements of a retaliation claim, the third amended complaint fails to state a claim on which relief may be granted.

**AFFIRMED.**

3