[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10050
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-20946-JEM

LARRY HENDRIX,
Similarly situated inmates,

Plaintiff-Appellant,

versus

KENNETH TUCKER,
LARRY MAYO,
In their individual and official capacities,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 26, 2013)

Before DUBINA, HULL and MARTIN, Circuit Judges.

PER CURIAM:

Larry Hendrix, a Florida prisoner proceeding pro se, sued Larry Mayo, Warden of the Everglades Correctional Facility, and Kenneth Tucker, Secretary of the Florida Department of Corrections, (collectively, defendants) in their individual and official capacities for damages and injunctive relief under 42 U.S.C. § 1983. Hendrix's suit claims that the defendants discriminated between similarly situated inmates in awarding "gain time."

The district court dismissed Hendrix's claim for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). Of importance here, the district court found that Hendrix "fail[ed] to state any facts . . . that would make it appear even remotely plausible that the named defendants could be held liable . . . under the controlling standards for supervisory liability." Hendrix timely filed a notice of appeal.[1]

We are also aware that Hendrix previously made a similar claim in state court in a Petition for Writ of Mandamus, which the state court denied.

## I.

We review de novo a district court's sua sponte dismissal of a complaint for failure to state a claim under § 1915(e)(2)(B)(ii), viewing the allegations in the

---

[1] Hendrix raises two arguments on appeal. First, he argues that his complaint sufficiently stated a claim that his constitutional rights were violated because he was treated differently from similarly situated individuals. Second, he argues that the defendants could be held liable under the theory of supervisory liability. Because the issue of supervisory liability was central to the district court's decision and is determinative in this case, we need not consider Hendrix's first argument.

complaint as true.  Hughes v. Lott, 350 F.3d 1157, 1159–60 (11th Cir. 2003).

Section 1915 provides, in relevant part, that a court shall dismiss a prisoner's case at any time if the court determines that the action or appeal "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  The language in this subsection "tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)."  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).  Thus, to survive § 1915(e)(2)(B)(ii), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation marks omitted).  In civil rights cases, "[m]ore than mere conclusory notice pleading is required . . . . A complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory."  Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation marks and alteration omitted).

"Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

II.

After careful consideration, we conclude that the district court did not err in dismissing Hendrix's claim under § 1915(e)(2)(B)(ii) because the complaint did

not "contain sufficient factual matter, accepted as true, to state a claim to relief" against the defendants, based on a theory of supervisory liability.

Supervisors can be held "liable under . . . § 1983, for the unconstitutional acts of [their] subordinates if [they] personally participated in the allegedly unconstitutional conduct or if there is a causal connection between [their] actions . . . and the alleged constitutional deprivation." Douglas v. Yates, 535 F.3d 1316, 1322 (11th Cir. 2008) (quotation marks omitted). A plaintiff may establish a causal connection by showing that: (1) "a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fail[ed] to do so"; (2) "the supervisor's improper custom or policy le[d] to deliberate indifference to constitutional rights"; or (3) "facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Id. "The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous." Doe v. School Bd. of Broward County, Fla., 604 F.3d 1248, 1266 (11th Cir. 2010) (quotation marks omitted).

Even if Hendrix's complaint is construed liberally, see Tannenbaum, 148 F.3d at 1263, it was insufficient to support supervisory liability, see Douglas, 535 F.3d at 1322. Hendrix's amended complaint alleges two potential grounds for supervisory liability.

4

First, Hendrix attempts to establish a causal connection by arguing that the defendants were "on notice of the need to correct the alleged deprivation and [they] fail[ed] to do so." See Douglas, 535 F.3d at 1322. Hendrix asserts that the defendants were on notice because they were aware of his administrative grievances and state court litigation. However, "[t]he deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999). And, as demonstrated by, for example, the outcome of the state court litigation, which determined that Hendrix's claims had no merit, there was not "obvious, flagrant, [and] rampant" abuse here, sufficient to support supervisory liability.

Second, Hendrix's complaint states there is "a long standing policy, practice, and custom of treating similarly situated prisoners differently in this application of gain time." See Douglas, 535 F.3d at 1322. However, Hendrix does not plead any specific facts to support this conclusory statement. Hendrix's "vague and conclusory" statements are insufficient to support supervisory liability. See Gonzalez, 325 F.3d at 1235 (quotation marks omitted).

**AFFIRMED.**