[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13532
Non-Argument Calendar
_____

D.C. Docket No. 3:11-cv-00481-MCR-CJK

LILBURN J. NUNNELEE, II,

Plaintiff-Appellant,

versus

DAVID MORGAN,
Sheriff,
SANDRA WEBBER,
Deputy,
JOHN DOES,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(December 17, 2013)

Before MARCUS, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Lilburn Nunnelee, proceeding pro se and in forma pauperis, appeals the district court's sua sponte dismissal of his 42 U.S.C. § 1983 civil rights action for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  On appeal, Nunnelee argues that the district court erred by dismissing his retaliatory arrest claim and by not allowing him to name Escambia County Sheriff David Morgan as a defendant in his official capacity.  After careful review, we affirm.

We review a district court's sua sponte dismissal of a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) de novo.  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).  Rule 12(b)(6) standards apply when reviewing dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii).  Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).  Under that rule, a plaintiff has an obligation to plead factual allegations that "raise a right to relief above the speculative level," assuming all allegations in the complaint are true.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  We read a pro se plaintiff's allegations in a liberal fashion.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

First, we are unpersuaded by Nunnelee's claim that the district court erred by dismissing his retaliatory arrest claim.  To prevail on a civil rights claim under 42 U.S.C. § 1983, "a plaintiff must show that he or she was deprived of a federal right by a person acting under the color of state law."  Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001).  An arrest in retaliation for the

2

exercise of a constitutional right is actionable under § 1983, but the existence of probable cause bars such a claim. <u>Dahl v. Holley</u>, 312 F.3d 1228, 1236 (11th Cir. 2002). Probable cause exists if "the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown," that the suspect committed an offense. <u>Bailey v. Bd. Of Cnty. Comm'rs.</u>, 956 F.2d 1112, 1120 (11th Cir. 1992) (quotation omitted). More than "mere suspicion" is required, but "probable cause does not require convincing proof." <u>Id.</u> An arresting officer must conduct a reasonable investigation, but does not have to take "every conceivable step" to eliminate the possibility of convicting an innocent person. <u>Rankin v. Evans</u>, 133 F.3d 1425, 1435-36 (11th Cir. 1998) (quotation omitted).

Here, Nunnelee urges us to use a new standard for retaliation claims involving felony arrests, shifting the burden to the defendant to show that the arrest still would have been made even without a retaliatory motive. But the prior precedent rule precludes us from entertaining Nunnelee's new burden-shifting approach, <u>see</u> <u>United States v. Vega-Castillo</u>, 540 F.3d 1235, 1236 (11th Cir. 2008) (ruling that a panel of this Court is bound to follow a prior binding precedent unless and until it is overruled by this Court sitting en banc or by the Supreme Court), and under our binding case law, the existence of probable cause continues

3

to bar a retaliatory arrest claim.[1]  Moreover, the district court did not err in determining there was probable cause to arrest Nunnelee for felony animal cruelty. Indeed, Nunnelee admits that he ran over and killed a dog with his car, that he had a prior conflict with the dog's owner about another of the owner's dogs, that he was uncooperative and dismissive during the deputy's investigation of the incident, that he had made incriminating comments to a television station about the incident, and that he had trained the dog who died to become "desensitized" to cars.  These facts would lead reasonable officers to believe that Nunnelee had intentionally hit his neighbor's dog, which resulted in the animal's unnecessary death, satisfying the elements of the statute under which he was charged.  Nunnelee also admits he was uncooperative during his interview with Deputy Webber, so it would have been difficult for her to obtain exculpatory evidence.  Probable cause deals with "the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." Rankin, 133 F.3d at 1435 (quotation omitted).  Given the facts at hand, it was reasonable for the officers to believe Nunnelee had committed felony animal cruelty, and the district court did not err in dismissing Nunnelee's retaliatory arrest claim for failure to state a claim for which relief may be granted.

---

[1]    Nunnelee also argues that qualified immunity is an issue of fact, but that argument  is irrelevant because the district court did not dismiss Nunnelee's retaliation claim on the basis of qualified immunity.  It was one of the bases for the dismissal for a malicious prosecution claim that Nunnelee explicitly abandoned on appeal.  Instead, the district court's only reason for dismissing the retaliation claim was that probable cause bars such a claim.

We are also unconvinced by Nunnelee's argument that the district court erred by not allowing him to name Escambia County Sheriff David Morgan in his official capacity. We have held that it "is axiomatic, in section 1983 actions, that liability must be based on something more than a theory of respondeat superior." Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990). A supervisor must have either participated in the constitutional deprivation, or taken actions linked to the deprivation through a causal connection. This link can be established when a history of abuse puts the supervisor on notice of deprivations and the supervisor fails to correct them, when improper custom or policy breed indifference to constitutional rights, or when the "supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Douglas v. Yates, 535 F.3d 1316, 1322 (11th Cir. 2008).

Nunnelee is correct that the Eleventh Amendment does not bar 42 U.S.C. § 1983 actions against Florida sheriffs. Hufford v. Rodgers, 912 F.2d 1338, 1342 (11th Cir. 1990). But the fact that sheriffs can be held liable does not mean Nunnelee has stated a claim against this particular sheriff. Nunnelee's complaint contains no allegations of direct participation by Sheriff Morgan in Nunnelee's arrest. Nor does it allege that Sheriff Morgan knew of any allegedly improper conduct at all, much less that he knew it was unconstitutional and still either explicitly or tacitly condoned it. Nunnelee also has not alleged any sort of

5

departmental history of abuse that would have put Sheriff Morgan on alert. Because Nunnelee did not allege a causal connection between Sheriff Morgan and the alleged constitutional deprivation, the district court did not err refusing to allow Sheriff Morgan to be named as a defendant in his official capacity.

**AFFIRMED.**