[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12253
Non-Argument Calendar
_____

D.C. Docket No. 1:05-cv-22039-JEM

KELVIN D. HARRIS,

Plaintiff-Appellant,

versus

MARIO P. GODERICK,
Circuit Court Judge
ALLEN DAVIS,
Probation Officer,
CIPRIANO GENE,
Assistant State Attorney,
MYRA TRINACHAT,
Assistant State Attorney,
EUGENE CIPRIANO,
Former State Attorney, et al.,

Defendants-Appellees,

S.L. HERMATAT, etc., et al.,

Defendants.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 22, 2015)

Before WILSON, JORDAN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Kelvin D. Harris, a state prisoner proceeding pro se and *in forma pauperis* (IFP), appeals a district court order dismissing his 42 U.S.C. § 1983 claims for false arrest and malicious prosecution against the following defendants connected with his 1989 probation revocation hearing: Florida Circuit Judge Mario Goderich;[1] state prosecutors Eugene Cipriano and Myra Trinchet; Warrant Bureau Director Fred Taylor; probation officer Allen Davis; public defender Leonard Succar; Deputy H.L. Hermatet; and Miami-Dade County.

Harris appealed an earlier dismissal in 2006, but we vacated that ruling and remanded the case for further proceedings. The district court dismissed Harris's suit again in May 2013, and this appeal followed issuance of the final judgment. Harris now argues that the district court erred by dismissing his § 1983 malicious prosecution and false arrest claims against each defendant, pursuant to 28 U.S.C. § 1915(e)(2)(B). Upon review of the briefs and record on appeal, we affirm.

---

[1] The case style reflects an incorrect spelling of the defendant's name, which is "Goderich," not "Goderick."

2

For ease of reference, we will address each point in turn.

## I. Section 1983 Malicious Prosecution Claims

A district court "shall dismiss" a complaint filed IFP if it finds that the complaint "(1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2)(B)(i)–(iii). We review the district court's dismissal for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) de novo, applying the same standards that govern Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Thus, we must view the complaint in the light most favorable to the plaintiff, accepting all of the plaintiff's well-pleaded facts as true. *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1056–57 (11th Cir. 2007). Additionally, pro se pleadings are to be liberally construed and held to a less stringent standard than pleadings drafted by attorneys. *See Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). However, in order to survive a motion to dismiss, the plaintiff's complaint must contain facts sufficient to support a plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79, 129 S. Ct. 1937, 1949–50 (2009). Conclusory allegations and bare legal conclusions are insufficient to preclude dismissal. *See Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). A complaint is also subject to dismissal "when its allegations, on their face, show that an affirmative defense bars

3

recovery on the claim." *Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008) (internal quotation marks omitted).

A claimant is entitled to relief under § 1983 if he can prove that a person acting under color of state law committed an act that deprived him of some right protected by the Constitution or laws of the United States. We have "identified malicious prosecution as a violation of the Fourth Amendment and a viable constitutional tort cognizable under § 1983." *Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003). The common law elements of malicious prosecution are:

> (1) an original judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damages as a result of the original proceeding.

*Kingsland v. City of Miami*, 382 F.3d 1220, 1234 (11th Cir. 2004). A plaintiff must therefore allege that the defendant acted without probable cause as a required element of a § 1983 malicious prosecution claim. *Id.; see also Wood,* 323 F.3d at 882. An officer has probable cause to make an arrest when "the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Wood, 323 F.3d* at 878. Ordinarily, where an arrest warrant

4

has been issued, a police officer is entitled to rely on the magistrate's probable cause determination, as long as that reliance is objectively reasonable. *See United States v. Leon*, 468 U.S. 897, 92–, 104 S. Ct. 3405, 3420–21 (1984).

Certain defendants enjoy immunity from § 1983 damages as a result of their official role. For instance, judges are entitled to absolute immunity for all actions taken in their judicial capacity, except where they take action in a "clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (per curiam) (internal quotation marks omitted). Absolute judicial immunity "applies even when [a] judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id.* Similarly, prosecutors are entitled to absolute immunity from damages for their acts or omissions taken in the course of initiating a prosecution. *Id.* at 1242. However, a prosecutor is not entitled to immunity if he is functioning as an investigator or a complaining witness rather than an advocate for the government. *Rivera v. Leal*, 359 F.3d 1350, 1353 (11th Cir. 2004).

Moreover, a claimant is only entitled to relief under § 1983 if he can prove that the defendant acted under color of law. The Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 453, (1981).

Furthermore, a county or other local government entity may not be held liable under § 1983 based solely upon respondeat superior. *See McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). Rather, to impose § 1983 liability on a county, a plaintiff must show: "(1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *Id.* A plaintiff relying on a county's unofficial practice to establish constitutional injury must demonstrate that the practice is so pervasive and widespread as to be functionally equivalent to a formal policy. *See Grech v. Clayton Cnty.,* 335 F.3d 1326, 1330 & n.6 (11th Cir. 2003). A claimant does not establish a custom or policy under § 1983 by alleging one isolated incident. *Id.*

In this case, the district court did not err by dismissing Harris's § 1983 malicious prosecution.[2] We address each defendant in turn. First, Judge Goderich was entitled to absolute judicial immunity because Harris alleged only that Judge Goderich mistakenly issued a warrant for his arrest. *See Bolin,* 225 F.3d at 1239. Similarly, Cipriano and Trinchet were each entitled to prosecutorial immunity for their actions taken in the course of initiating a prosecution. *See id.* at 1242. As to defendant Succar, the district court properly dismissed Harris's claims because a

---

[2] For purposes of deciding this appeal, we will assume, arguendo, that Harris's pro se objections before the district court preserved his right to appellate review. *See Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) (per curiam); 11th Cir. R. 3-1.

public defender does not act under color of state law simply by representing a criminal defendant. *See Dodson.*, 454 U.S. at 325, 102 S. Ct. at 453. Regarding defendant Davis, Harris failed to plead any facts indicating that Davis lacked probable cause to believe a probation violation occurred on the day he filed the affidavit. *See Wood*, 323 F.3d at 882. As to defendants Taylor and Hermatet, Harris failed to allege any facts indicating that a prudent officer in their position would not have relied upon the independent probable cause determination made by Judge Goderich when he issued an arrest warrant for Harris. *See Leon,* 468 U.S. at 922–23, 104 S. Ct. at 3420–21. Finally, as to Miami-Dade County, Harris alleged only a single incident of deliberate indifference to his constitutional rights, and a single isolated incident is insufficient to establish a custom or policy under § 1983. *See Grech,* 335 F.3d at 1330 & n.6.

Accordingly, viewing the complaint in the light most favorable to Harris, his complaint did not allege facts sufficient to support a § 1983 claim for malicious prosecution against any named defendant. Thus, the district court did not err by dismissing his claims under 28 U.S.C. § 1915(e)(2)(B), and we affirm in this respect.

## II. Section 1983 False Arrest Claims

We have identified false arrest as a violation of the Fourth Amendment and a viable claim under § 1983. *Ortega v. Christian*, 85 F.3d 1521, 1525–26 (11th Cir.

1996).  A claim for false arrest arises when an arrest occurs without a warrant and without probable cause.  *Brown v. City of Huntsville*, 608 F.3d 724, 734 (11th Cir. 2010).  However, the existence of probable cause at the time of arrest serves as an absolute bar to a false arrest claim.  *See id.*

Furthermore, § 1983 claims are subject to the statute of limitations governing personal injury actions in the state in which the action was brought. *DeYoung v. Owens*, 646 F.3d 1319, 1324 (11th Cir. 2011).  In Florida, where Harris brought this action, the applicable period for false arrest claims is four years.  Fla. Stat. § 95.11(3)(*o*).  As noted previously, a complaint may be properly dismissed when the allegations "show that an affirmative defense bars recovery on the claim."  *Douglas,* 535 F.3d at 1321.

In this case, the district court did not err by dismissing all of Harris's § 1983 false arrest claims because his claims are barred by the statute of limitations.  In his amended complaint, Harris alleged that he was wrongfully arrested in September 1989.  He did not file his original § 1983 complaint until July 2005, however, or his final amended complaint until June 2012.  Therefore, Harris filed his complaint well after the four-year limitations period had run on his false arrest claims.  *See DeYoung*, 646 F.3d at 1324; Fla. Stat. § 95.11(3)(o).

Moreover, even assuming, arguendo, that Harris's false arrest claims are not barred by the statute of limitations, each non-immune defendant arguably

8

possessed probable cause for actions taken in the course of prosecuting Harris for his probation violation, and the existence of probable cause serves as an "absolute bar" to a false arrest claim. *See Brown*, 608 F.3d at 734. Accordingly, the district court did not err in dismissing Harris's false arrest claims.

Therefore, for the reasons set forth above, we affirm.

**AFFIRMED.**