[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13633
Non-Argument Calendar

_____

D.C. Docket No. 1:19-cv-01582-MHC

GABRIEL RENDON,

Plaintiff—Appellant,

versus

THE FULTON COUNTY SHERIFF,
THE JAIL ADMINISTRATOR,
et al.,

Defendants—Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 10, 2020)

Before WILLIAM PRYOR, MARTIN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Gabriel Rendon-Villasana appeals *pro se* the *sua sponte* dismissal of his second amended complaint against the Sheriff of Fulton County, Georgia, the Administrator and the Medical Director of the Fulton County Jail, and their unnamed subordinates. 28 U.S.C. § 1915A(b)(1). Rendon argues that the Sheriff, the Administrator, the Medical Director, and "all subordinates who participated in [his] handling, scheduling, and transporting to and from Grady Hospital" acted with deliberate indifference to his medical needs by delaying surgery on his jaw after it was broken by his roommate. 42 U.S.C. § 1983. We affirm the dismissal of Rendon's complaint against the Sheriff, the Administrator, and the Medical Director for failure to state a claim of supervisory liability. *See* Fed. R. Civ. P. 12(b)(6). But we vacate the order that dismissed Rendon's complaint against the subordinates on the ground that they were unidentifiable, and we remand for further proceedings.

Rendon has abandoned any challenge he could have made to the dismissal of his complaint that the Sheriff and the Administrator acted with deliberate indifference in failing to protect Rendon from having his jaw broken by his roommate. Although we read Rendon's brief liberally because he is a *pro se* litigant, "issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). Rendon does not dispute that he alleged no facts to establish that the two officials were subjectively aware

2

of a serious threat to Rendon and could have prevented his injury. *See Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1583 (11th Cir. 1995) (requiring an inmate complaining of deliberate indifference to prove an official "subjectively knew of the substantial risk of serious harm and that he knowingly or recklessly 'disregard[ed] that risk by failing to take reasonable measures to abate it'"). So we affirm the dismissal of Rendon's complaint of deliberate indifference for failing to protect him for failure to state a claim. Fed. R. Civ. P. 12(b)(6).

The district court did not err by dismissing Rendon's complaint against the Sheriff, the Administrator, and the Medical Director for being deliberately indifferent to his medical needs after his roommate attacked him. Rendon had to allege enough facts "to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and enable "the court [to] draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rendon alleged that "subordinates who participated in [his] handling, scheduling, and transporting to and from Grady Hospital" knew he was "scheduled for surgery," refused to answer questions he "asked about [his] scheduled surgery," and "failed to ensure [he] made it to [his] scheduled surgery." Supervisors are liable only if they personally participate in the constitutional violation, direct their subordinates to act unlawfully, or know their subordinates will act unlawfully yet fail to stop them.

3

*See Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010). Although we accept Rendon's allegations as true and construe them in the light most favorable to him, *see Douglas v. Yates*, 535 F.3d 1316, 1319–20 (11th Cir. 2008), he alleged no personal involvement by the Sheriff, the Administrator, or the Medical Director or any causal connection between them and their subordinates' alleged unlawful conduct. Rendon failed to state a claim against the Sheriff, the Administrator, or the Medical Director for acting with deliberate indifference to his medical needs.

The district court erred by dismissing Rendon's complaint against the subordinates on the ground that they were unidentifiable. A *pro se* inmate may maintain a complaint against unnamed defendants when the inmate's allegations establish he could learn the defendants' names through discovery and make service of process. *Dean v. Barber*, 951 F.2d 1210, 1215–16 (11th Cir. 1992). Although Rendon could not identify the subordinates by name, they are identifiable based on his description of their actions during a particular time frame. Rendon alleged that the subordinates took him to Grady Hospital for treatment on November 14, 2017; that they returned him to the hospital the next day to "sign[] some liability and acknowledgment paperwork in regard to the surgery" and "to submit blood and urine samples" and to receive "a bracelet that the nurse said was [his] 'pass' for surgery"; and that he was "scheduled for surgery on November 21, 2017" but "nurses and officers" refused to answer his questions about or to ensure he returned

4

to the hospital to undergo surgery as scheduled. Because Rendon must be given an opportunity to identify the subordinates who allegedly delayed his medical treatment and name them in an amended complaint, we vacate the order that dismissed his complaint against the subordinates and remand for further proceedings.

We **AFFIRM** the dismissal of Rendon's complaints against the Sheriff, the Administrator, and the Medical Director. But we **VACATE** the dismissal of Rendon's complaint against the unnamed subordinates for deliberate indifference to his medical needs and **REMAND** for further proceedings.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**