[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10346

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DARRYL BURKE,
a.k.a. David Middleton,
a.k.a. James Duncan,
a.k.a. Donald Brown,
a.k.a. Dr. Jeffrey Burke,

Defendant-Appellant.

———————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:13-cr-20616-JIC-1

———————————————

Before JILL PRYOR, BRANCH, and TJOFLAT, Circuit Judges.

PER CURIAM:

Darryl Burke appeals *pro se* the district court's denial of his motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A), as modified by § 603(b) of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 ("First Step Act"), and his motion for reconsideration. He argues that the district court should have considered his arguments that witnesses lied at his sentencing and trial and it should have held an evidentiary hearing on this matter. He also argues that the district court did not correctly weigh the 18 U.S.C. § 3553(a) factors and incorrectly found that he was a danger to the community. Finally, he argues that it erred by denying his motion for reconsideration.[1]

---

[1] Burke also requests that we take judicial notice of a record from the Miami-Dade County Court and a court case from the District of the District of Columbia, but we decline to do so because it is not necessary for the resolution of the case. *See* Fed. R. Evid. 201(b); *Dippin' Dots, Inc. v. Frosty Bites Distribution, LLC*, 369 F.3d 1197, 1204 (11th Cir. 2004).

We review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for an abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). The denial of a motion for reconsideration is also reviewed for abuse of discretion. *United States v. Llewlyn*, 879 F.3d 1291,1294 (11th Cir. 2018). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of facts that are clearly erroneous." *United States v. Barrington*, 648 F.3d 1178, 1194 (11th Cir. 2011) (quotation marks and alteration omitted). A *pro se* pleading is liberally construed. *Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008).

"A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quotation marks omitted).

It is well established that a district court has no inherent authority to modify a defendant's sentence and may do so "only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015). Prior to the First Step Act, § 3582(c)(1)(A) allowed the district court to reduce a prisoner's term of imprisonment upon motion of the Director of the Bureau of Prisons ("BOP"), after considering the factors set forth in § 3553(a), if it found that extraordinary and compelling reasons warranted such a reduction. 18 U.S.C. § 3582(c)(1)(A) (effective Nov. 2, 2002, to Dec. 20, 2018). The First Step Act amended

§ 3582(c)(1)(A) to allow the court to reduce a defendant's term of imprisonment also upon motion of the defendant, after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. *See* First Step Act § 603; 18 U.S.C. § 3582(c)(1)(A). The court must find that extraordinary and compelling reasons warrant such a reduction, consider the § 3553(a) factors "to the extent that they are applicable," and find that a reduction is consistent with applicable policy statements issued by the Sentencing Commission. *Id.*; *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021) (explaining that, to grant a reduction under § 3582(c)(1)(A), district courts must find that three necessary conditions are satisfied, which are "support in the § 3553(a) factors, extraordinary and compelling reasons, and adherence to § 1B1.13's policy statement"). District courts do not need to address these three conditions in any particular sequence. *Tinker*, 14 F.4th at 1237-38.

The policy statements applicable to § 3582(c)(1)(A) are found in § 1B1.13. *See* U.S.S.G. § 1B1.13. The commentary to § 1B1.13 states that extraordinary and compelling reasons exist under any of the circumstances listed, provided that the court determines that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g). *See id.* § 1B1.13, comment. (n.1). The commentary lists a defendant's medical condition, age, and family circumstances as possible

"extraordinary and compelling reasons" warranting a sentence reduction. *Id.* Recently, we concluded that the policy statement in § 1B1.13 is applicable to all motions filed under § 3582(c)(1)(A), including those filed by prisoners, and thus, "district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with [§] 1B1.13." *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021).

Although a district court is not required to articulate its findings and reasonings in great detail, when considering a § 3582(c)(1)(A)(i) motion, we "cannot engage in meaningful appellate review and must vacate and remand" if the record does not reflect that the district court considered the applicable § 3553(a) factors. *United States v. Cook*, 998 F.3d 1180, 1185 (11th Cir. 2021) (quotation marks omitted). However, the district court is not required to expressly discuss mitigating evidence or every § 3553(a) factor. *Tinker*, 14 F.4th at 1241.

Under § 3553(a), a district court's sentence must be sufficient, but not greater than necessary, to achieve the goals of sentencing, which are: reflecting the seriousness of the offense, promoting respect for the law, providing just punishment, deterring future criminal conduct, protecting the public, and providing the defendant with any needed training or treatment. 18 U.S.C. § 3553(a). Section 3553(a) also requires district courts to consider the nature and circumstances of the offense, the defendant's history and characteristics, the kinds of sentences available, the Sentencing Guidelines, any pertinent policy statement, the need to avoid

disparate sentences for defendants with similar records, and the need to provide restitution to any victims. *Id.*

Section 3582(c) does not grant the district court jurisdiction to consider extraneous resentencing issues, which a claimant must instead present as a collateral attack on his sentence under 28 U.S.C. § 2255. *See United States v. Bravo*, 203 F.3d 778, 782 (11th Cir. 2000) (addressing a motion filed under 18 U.S.C. § 3582(c)(2)); *Dillon v. United States*, 560 U.S. 817, 824-25, 831 (2010) (same). It also does not entitle the defendant to a hearing before the motion is ruled on. *United States v. Denson*, 963 F. 3d 1080, 1086-87 (11th Cir. 2020).

Because 18 U.S.C. § 3582(c) is not a proper basis for addressing collateral attacks on a conviction or sentence, the district court did not err by declining to address Burke's arguments that witnesses lied at his trial and sentencing.

The district court found that he had shown extraordinary and compelling reasons and then properly weighed the 18 U.S.C. § 3553(a) factors when denying his motion for compassionate release. It found that he did not qualify for a sentence reduction due to his criminal history and the need to promote respect for the law, provide just punishment, and afford adequate deterrence. Notably, the court pointed to Burke's leadership of a large fraud scheme that defrauded more than 10 people of more than $7 million, his criminal history, and his failure to be deterred by his previous incarceration for a similar offense. Although it did not specifically address his rehabilitation, it was not required to do so.

Because the district court properly considered the 18 U.S.C. § 3553(a) factors, the district court did not abuse its discretion in denying Burke's motion for compassionate release, and we need not reach whether the district court erred in concluding that he also was a danger to the community.

The district court also did not err in denying Burke's motion for an evidentiary hearing because it is not required to hold any hearings prior to ruling on the motion for compassionate release, and there were no relevant factual issues in dispute. Likewise, the district court did not abuse its discretion in denying his motion for reconsideration because, as stated, it was not the appropriate place to address his arguments attacking his underlying conviction and sentence, and he otherwise was attempting to relitigate the issues in the court's initial order. Accordingly, we affirm.

**AFFIRMED.**